# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JOSEPH LAWTON, Jr.,[1]          )
                                )
    Plaintiff,                  )
                                )
v.                              )          CV419-173
                                )
UNITED STATES OF AMERICA,       )
*et al.*,                       )
                                )
    Defendants.                 )

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se*, Joseph Lawton, brings this "Declaration of Status" against a variety of state entities. *See* doc. 1. The court granted him leave to proceed IFP, and he returned the requisite forms. Doc. 5, 6, 7. His "Complaint"—such as it is—will thus be screened pursuant to 28 U.S.C. § 1915(e).[2]

---

[1] The Clerk of Court appears to have erroneously docketed this case under the name Joseph Lawson. It is clear from the filings that plaintiff's name is Joseph Lawton. Accordingly, the clerk is **DIRECTED** to update the caption accordingly.

[2] In cases where the plaintiff is proceeding *in forma pauperis*, the Court must screen each case and must dismiss it at any time if the Court determines either that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff filed a "declaration" in this case which can best be described as legalistic gobbledygook. *See, e.g.,* doc. 1 at 2 at 3 (for example, in unedited form: "This radical socialist-communist coup d'e'tat plotted by the infamous Society of Jesus aided by the Knights of Colum and carried out by its Scottish-Rite masonic agent President Franklin 'Augustus Ceasar' Roosevelt would overthrow the civilian government exercising the constitutional, de Jure Jurisdiction of the United State (the 'united state' being 'the collective name of the states' which are united by and under the constitution)")[3]; *id.* at 3 ("Further, by replacing constitutional de Jure, private American Citizenship with de Jure Public 'U.S. Citizenship' thereby enabling the constitutional de Jure Jurisdiction of the 'United States' the Jesuit order would fulfill its design of over-throwing the liberties of the united states as plotted during the congress of Vienna (1814-1815) and the subsequent Secret Treaty of Veron (1822) because of which President James Monroe issued his blessed 'Monroe Doctrine' (1823) – and for which he was given 'the poison cup' on July 4, 1831.").[4]

---

[3] The Court has—to the best of its ability—replicated the statements verbatim. Any errors included are part of the original filing.
[4] This diatribe—or perhaps magnum opus—continues for a total of 31 pages.

2

Plaintiff's language has all the hallmarks of the "sovereign citizen" theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Roach v. Arrisi*, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (cite omitted); *United States v. Alexio*, 2015 WL 4069160 at *3 (D. Hawaii 2015).

Although plaintiff eventually requests a host of injunctive relief, doc. 1 at 30, the Court is completely at a loss to describe either the ills plaintiff claims to have suffered or indeed whether there is *any* legal theory supporting recovery for those losses. Given the absolute frivolity of plaintiff's filings, his case should be **DISMISSED**. *See* 28 U.S.C. 1915(e)(2) (requiring

dismissal "at any time if the court determines that," *inter* alia, the action is frivolous).

Moreover, it is time to pay his filing fee. Since his PLRA paperwork reflects an average monthly balance and average monthly deposits of $0, doc. 6 at 1, he does not owe a partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist"). See 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall, however, set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order. A copy of this Order and of the Consent to Collection of Fees form Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 15th day of January, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA